MIRANDA, RESPONDENT, *v.* CAMERON ET AL., APPELLANTS.

APPEAL from the District Court of Arecibo.

No. 965.—Decided May 7, 1913.

UNLAWFUL DETAINER—TENANCY AT SUFFERANCE—POSSESSION AS OWNER.—When in an action of unlawful detainer against a tenant at sufferance the defendant alleges in his answer that he does not hold possession in such character but as owner and introduces evidence which apparently shows to the trial court that his possession is not at sufferance, the action of unlawful detainer should be dismissed.

ID.—TENANCY AT SUFFERANCE—POSSESSION AS OWNER—EVIDENCE.—Even when in an action of unlawful detainer against a tenant at sufferance the defendant alleges in his answer that he holds possession as owner, said allegation is not of itself sufficient to prevent the lower court from sustaining the complaint when the evidence introduced by the defendant fails to show clearly that the defendant has any apparent title to the ownership of the property in litigation.

The facts are stated in the opinion.

*Messrs. Herminio Miranda* and *Cay. Coll Cuchí* for appellants.

*Mr. Félix Santoni* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The only question raised before this court by the appellants in this appeal is whether or not an action of unlawful detainer can be sustained and some of the defendants ejected from the properties 'which they occupy when in their answer they allege that they are in possession as owners and introduce some evidence in support of said allegation.

This question has come up for consideration by this court at various times, and in the case of *Mehrhoff* v. *Rodríguez et al.,* 14 P. R. R., 56, the court expressed itself as follows:

"* * *. And here we repeat what this court has heretofore said in the case of *Pedro Regalado* v. *Francisco Méndez,* 7 P. R. Rep., p. 531, to the effect that according to a decision of the Supreme Court of Spain of April 8, 1897, an action of unlawful detainer is not the proper action in which to make declarations of rights which are more or less controvertible. This does not mean, as the appellant appears to understand, that every allegation of ownership must be reserved for another action, because if possession at sufferance by the defendant is alleged as a ground for the complaint, the latter may very well allege that he holds possession as an owner, and present proof in court of such ownership, in which case if it were shown, as occurs in this case, that the possession is not at sufferance, the complaint must be dismissed, without the result of an ordinary action (in which the parties can discuss their titles to the estate the subject of the unlawful detainer proceedings) being prejudiced thereby."

The most recent of our decisions on this point is that of the case of *Torres et al.* v. *Pérez,* 18 P. R. R., 557, wherein we said:

"An action of unlawful detainer is a special proceeding the only purpose of which is to recover possession of some real property and eject therefrom whomsoever may detain it without title thereto. Such a proceeding, therefore, is not a proper one to decide the right of ownership, and for that reason when the defendant alleges some title to the possession of the property, unless all evidence to sustain such allegation is lacking, ejectment should not be decreed and the question of legal title to the property should be settled in an ordinary action before the action of unlawful detainer can be brought. * * *.

"In the present case the defendant answered the allegation that she was a tenant at sufferance by stating that she was owner by virtue of a title of purchase, and that as such owner she sold to Pedro Olivo a portion of the land. This latter fact was acknowledged by the plaintiffs, and as she introduced evidence to prove her acquisition this brings up the question as to whether or not she really owns the land by virtue of title of purchase; but this controversy cannot be decided in an action of unlawful detainer because the same is not the proper proceeding to decide questions of title."

Therefore, when the defendant in an action of unlawful detainer, on the ground that he is a tenant at sufferance, alleges in his answer that he does not hold possession in such character but as owner, and introduces evidence which apparently shows to the trial court that his possession is not at sufferance, the action of unlawful detainer should not be sustained.

Therefore it will be necessary in this case to determine whether any of the evidence introduced by the defendants tends to show that they did not hold possession as tenants at sufferance but as owners.

This action was brought by the judicial administrator of the estate of Guillermo Cameron Schoon on behalf of the heirs, and the defendants, who are a part of the heirs, have alleged that they are the sole and exclusive owners of the properties which are the subject-matter of the unlawful detainer proceedings. In support of this allegation the only evidence they offered was the testimony of the defendant, Guillermo Cameron, who testified on this point that his father, Guillermo Cameron Schoon, was married twice and had children by both marriages; that before his death he assembled all of his children and divided his properties among them extrajudicially, giving to each one a part thereof; that since that time the defendants have occupied the properties now claimed from them; that their father made no deed to the properties he delivered to them because some were minors and others of age, but conveyed the properties by deed to their

brother-in-law, Agustín Richart, for him to transfer the same to the defendants later, which he has not done, and that later an action was brought for the nullity of the said deed of conveyance.

From the evidence introduced by the plaintiff it is shown that, as a matter of fact, Guillermo Cameron Schoon and his wife, in and by virtue of public instrument No. 100 of August 1, 1904, sold four *fincas* to Agustín Richart González, three of which are the object of the present suit, for a certain sum of money acknowledged to have been received; that when Guillermo Cameron Schoon died intestate in 1904 a judicial declaration of his heirs was made and subsequently, by a final judgment of the District Court of Arecibo in an action brought by Carlos and Jaime Cameron and others against Agustín Richart and others, the deed of sale which we have referred to was annulled and the Succession of Guillermo Schoon adjudged to be the owners of the properties described therein. It was decreed that the records of said deed in the registry of property should be canceled leaving the properties recorded in the name of Guillermo Cameron Schoon, as was admitted by the attorney for the defendants during the trial.

In view of the foregoing we do not believe that the evidence offered to show that the defendants were not in possession as tenants at sufferance but as owners is sufficient to prevent the lower court from rendering the judgment which it did sustaining the action of unlawful detainer, because it was not shown clearly that the defendants apparently had any title of ownership to the properties claimed in the unlawful detainer proceedings, especially in view of the fact that they admitted that not only was the deed of sale in favor of Richart annulled, but it was decreed that the properties described in said deed, which are those claimed in the unlawful detainer proceedings, belong to the Succession of Gui-

llermo Cameron Schoon, represented in this suit by the plaintiff.

In the case of *Anicasia Torres Collado* v. *Domitila Pérez Vilanova,* to which we have referred, as well as in the cases of *Pesquera* v. *Díaz,* 8 P. R. R., 109, and *Del Valle* v. *Andreu et al.,* 11 P. R. R., 398, cited by the appellants, the complaints were dismissed because the defendants introduced evidence to show that they did not hold possession as tenants at sufferance, which contention was sustained by the court in each case. Having reached the conclusion in the case before us that the evidence introduced by the defendants is not sufficient to show that they do not hold possession as tenants at sufferance, the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.